Donte DAISE, Plaintiff–Appellant,

v.

Glenn S. GOORD, Commissioner, L. Way, Deputy Superintendent for Security, M. Williford, Lieutenant—Review Officer; K. Passno, Sergeant, Lt. Major, Lieutenant—Review Officer, Lieutenant Don, Hearing Officer, D. Schofield, Correctional Officer, George B. Duncan, Superintendent, William Phillip, Deputy Superintendent for Security, Lieutenant Roberts, Review Officer, P. Bruce, Correctional Officer, Donald Selsky, Director—Special Housing, Michael Giambruno, Superintendent, K. Passano, Sergeant, M. Stormer, Correctional Officer, Shovah, Lieutenant, Lt. Brockway, Defendants–Appellees.

Docket No. 03–0315–PR.

United States Court of Appeals, Second Circuit.

Sept. 9, 2004.

Donte Daise, Rome, NY, pro se.

Martin A. Hovet, Andrea Oser, Assistant Solicitors General, Albany, NY, Joel L. Marmelstein, Assistant Attorney General, Utica, NY, Elliot Spitzer, Attorney General, Albany, NY, for Appellee.

PRESENT: JACOBS, POOLER, and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Donte Daise appeals from a final judgment entered in the United States District Court for the Northern District of New York (Tunheim, *J.*), granting defendants' motion for summary judgment and dismissing Daise's claims. It is assumed that the parties are familiar with the facts, the procedural context, and the specification of appellate issues.

Summary judgment is appropriate when, construing the evidence in the light most favorable to the non-moving party no genuine issue of material fact exists. Fed. R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A district court's grant of summary judgment is reviewed *de novo*. *Mack v. Otis Elevator Co.*, 326 F.3d 116, 119 (2d Cir.2003). For the reasons stated in substance by the district court, Daise's Fourteenth Amendment claim, under 42 U.S.C. § 1983 was correctly dismissed on the basis of qualified immunity. *Walker v. McClellan*, 126 F.3d 127, 129 (2d Cir.1997) (qualified immunity is proper grounds for summary judgment in civil damage suits against prison officials in § 1983 actions).

However, the district court erroneously dismissed the complaint altogether without reaching Daise's Eighth Amendment claim. Because "most *pro se* plaintiffs lack familiarity with the formalities of pleading requirements," this Court "must construe *pro se* complaints liberally, applying a more flexible standard to evaluate their sufficiency than [the Court] would when reviewing a complaint submitted by counsel." *Lerman v. Bd. of Elections*, 232 F.3d 135, 140 (2d Cir.2000). Defendants emphasize that their motion for summary judgment characterized Daise's complaint as raising a single due process claim and contend that Daise abandoned his Eighth Amendment claim by failing to dispute that characterization. A claim that is explicitly raised in the complaint cannot be deemed waived by such a procedural error by a *pro se* plaintiff. *See Salahuddin v. Coughlin*, 781 F.2d 24, 29 (2d Cir.1986) (liberally construing *pro se* papers "assures that a person unfamiliar with the lawyerlike method" will not be disadvantaged).

As defendants point out, the *Salahuddin* opinion, in which this court approved the dismissal of a *pro se* plaintiff's § 1983 claim at the summary judgment stage, noted that "at some point in a lawsuit even *pro se* litigants must make clear to the court their claims and the facts that they believe entitle them to specific relief." *Id.* at 29. Unlike the plaintiff in *Salahuddin*, however, Daise expressly pleaded in his amended complaint that he sought relief for violations of his civil rights "outlawed" by the "Eighth and Fourteenth Amendments."

As the district court did not reach the Eighth Amendment claim, final judgment was (at least) premature. We remand to the district court for proceedings on Daise's Eighth Amendment claim.

For the foregoing reasons, the district court's judgment is **VACATED AND REMANDED**.